### INTENTION OF CONSIGNOR.

Circuit Court of Cuyahoga County.

G. C. SANDERSON V. THE W. A. BANKS COMPANY.

Decided, October 26, 1908.

*Bill of Lading Attached to Draft—Not Conclusive as to Reservation of Jus Disponendi.*

When a shipper under instructions from the buyer attaches a bill of lading to a draft and forwards it to a designated bank for collection, there being no course of dealing between the parties shown, it is for the jury to say, upon loss of the goods during shipment, whether or not the seller had reserved the *jus disponendi* and that therefore the loss should fall upon him.

*D. B. Carpenter,* for plaintiff in error.
*White, Johnson, McCaslin & Cannon,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This was an action for the value of a carload of oranges alleged to have been sold and delivered to the defendant at an agreed price. The answer was a general denial, but the whole controversy arose over the question of delivery. The oranges never reached the defendant.

The plaintiff introduced evidence tending to prove that the contract was for a carload of oranges at $1.60 per box f.o.b. cars, St. Petersburg, Florida; that the oranges were inspected by defendant's agent, packed and put on board a car, with instructions to the carrier to forward them to the defendant at Cleveland. That a bill of lading was made out naming defendant as consignee, and, upon telegraphic instructions from the defendant, this bill of lading was attached to a draft drawn upon the defendant and deposited with a bank to be forwarded to Cleveland for collection. The draft was never paid. What became of the oranges was not shown. Upon this state of the evidence, at the close of plaintiff's case, the trial judge directed a verdict for the defendant. This action, we are informed by defendant's counsel, was based upon the decision in the case

of *Emery's Sons* v. *Irving National Bank*, 25 O. S., 360, but as we read it, said case appears to be a clear authority for reversal of this judgment.

It must have been held by the trial judge, as it was argued by counsel for defendant in this court, that the act of plaintiff in attaching the bill of lading to the draft, which he discounted at the bank, was conclusive evidence that the consignor reserved to himself the *jus disponendi* of the goods shipped, until the draft should be paid.   If such effect is not to be given to this act, the case cited is authority for a submission to the jury for determination of the intention of the consignor.   With this point in mind, let us read the first four and the sixth paragraphs of the syllabus of the case cited:

"1.   By the rules of commercial law, a bill of lading is regarded as the symbol of the property therein described; and in the case the shipper reserve to himself the *jus disponendi*, he can transfer the title, at any time before the property is delivered by the carrier to the consignee, as effectually by the delivery of the bill of lading as by the delivery of the property itself.

"2.   If the consignment be made by a vendor to a vendee, the question whether the consignor reserved the *jus disponendi* is one of the intention, to be gathered from all the facts and circumstances of the transaction.

"3.   If the right to control the property be reserved by the shipper, the carrier must be regarded as his agent; and if not, then as the agent of the consignee.

"4.   On such question of intention, the terms of the bill of lading are to be taken as admissions of the consignor, and are entitled to great weight, but are not conclusive.

"6.   Where a vendor of goods consigns them to the purchaser, taking a bill of lading from the carrier, and intending to reserve the right of control over them, at the same time draws upon the purchaser for the price, and delivers the bill in exchange, with the bill of lading attached, to an endorsee, for a valuable consideration, the consignee, upon receipt of the goods, takes them subject to the right of the holders of the bill of lading to demand payment of the bill of exchange, and can not retain the price of the goods on account of a debt due to him from the consignor."

In the case before us it was the defendant who directed that the bill of lading be attached to the draft   and for his conve-

nience in making payment that it was done.    There was no previous course of dealing between the parties, as there was in the case cited.    Indeed, we think a jury might well come to a conclusion contrary to that arrived at by the trial judge.    At any rate he should have submitted the case to the jury under proper instructions for it to determine from "all the facts and circumstances of the transaction" whether it was the intention of the plaintiff to reserve the *jus disponendi* when he attached the bill of lading to the draft.

For error in directing a verdict, the judgment is reversed.